**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT GOODMAN, | No. 17-56330 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00020-FFM |
| v. | |
| BERT DOHMEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,[**] District Judge.

After a bench trial, the district court found for plaintiff-appellee Albert Goodman on his claim for breach of fiduciary duty against defendant-appellant Bert Dohmen. The dispute in this case arises from Goodman's investment in a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James Rodney Gilstrap, United States District Judge for the Eastern District of Texas, sitting by designation.

Delaware hedge fund (the "Fund") created and managed by Dohmen. Dohmen appeals on multiple grounds.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's factual findings for clear error and conclusions of law de novo. *See United States v. Temkin*, 797 F.3d 682, 688 (9th Cir. 2015).

In a separate order, we certify the dispositive issue in this appeal—whether Dohmen's materially misleading statement was made in connection with a request for partner action—to the Supreme Court of Delaware. We affirm the district court on each of Dohmen's remaining arguments.

1. Goodman's claim for breach of fiduciary duty is not barred by federal securities laws. Dohmen argues that Goodman's claim is not cognizable under Delaware law because the underlying conduct giving rise to the claim is covered by § 10(b) of the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78j(b). In support, Dohmen cites Delaware cases addressing distinct circumstances, which refused to recognize new causes of action that would replicate federal securities laws or noted generally that Delaware intends its regulations to be compatible with federal securities laws. *See Malone v. Brincat*, 722 A.2d 5, 12-13 (Del. 1998); *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 539 (Del. 1996). But Dohmen cites no Delaware case addressing the particular circumstances of this case. We decline to hold that an otherwise cognizable claim for breach of fiduciary

2

duty is barred simply because the underlying conduct might also give rise to a § 10(b) claim.

2. The district court did not abuse its discretion by equitably tolling the statute of limitations for Goodman's claim. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) ("A district court's decision whether to apply equitable tolling is generally reviewed for abuse of discretion, but where the relevant facts are undisputed, review is de novo."). The application of the fraudulent-concealment doctrine was heavily fact-based, and the relevant facts were disputed. Having resolved the factual disputes in Goodman's favor, the district court did not abuse its discretion in applying equitable tolling.

3. The district court did not clearly err in calculating Goodman's damages. *See Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004) ("The district court's computation of damages following a bench trial is reviewed for clear error."). The district court was forced to make imprecise estimations because of the limitations of the evidence presented at trial. The district court's estimations were reasonable, and certainly not clear error. *See Thorpe by Castleman v. CERBCO, Inc.*, 676 A.2d 436, 444 (Del. 1996) (noting that damages flowing from a breach of fiduciary duty "are to be liberally calculated").

4. The district court did not clearly err in its characterization of Dohmen's testimony. The district court's characterization was supported by the record. At

3

most, Dohmen has demonstrated that there were alternative inferences that could have been drawn from Dohmen's testimony. This is insufficient to demonstrate clear error. *See Lentini*, 370 F.3d at 843 (The clear-error standard "is significantly deferential, and we will accept the lower court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed.") (citations omitted).

5. The district court correctly concluded that the Fund's limited-partnership agreement did not eliminate Dohmen's duty of loyalty. Section 5.08(a)(i) is the relevant section of the agreement, and it does not eliminate the general partner's duty of loyalty—it recognizes the duty. *See Feeley v. NHAOCG, LLC*, 62 A.3d 649, 664 (Del. Ch. 2012). Dohmen's argument focuses on the language of section 5.08(a)(iii), but this subsection applies to actions taken by a "consultant, employee, or agent of the Partnership." The district court properly focused on subsection (i) after concluding that Dohmen owed fiduciary duties because he acted as the general partner.

**AFFIRMED** with respect to all issues other than the issue certified to the Supreme Court of Delaware in the order filed concurrently with this disposition.